pSLC2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA,
### BRYSON CITY DIVISION

| | |
|---|---|
| GRADY W. POWERS<br>PETITIONER, | CASE NO:<br>2:99CV5-MU-2 |
| VS | |
| NORTH CAROLINA | |

FILED
ASHEVILLE, N.C.
MAY - 1 1999
U.S. DISTRICT COURT
W. DIST. OF N.C.

## MOTION FOR RECONSIDERATION REQUESTING THE COURT TO RECONSIDER PETITIONERS PETITION FOR A WRIT OF HABEAS CORPUS

PETITIONERS PETITION FOR A WRIT OF HABEAS CORPUS WAS DENIED AS UNTIMELY, AND THE CASE WAS DISMISSED ON FEBRUARY 11th, 1999.

PETITIONER FILED HIS PETITION FOR WRIT OF HABEAS CORPUS ON JANUARY 11th, 1999. THE COURT CLAIMS THAT ANY PETITION FILED AFTER APRIL 23rd, 1997 ARE BARRED BY THE ONE YEAR TIME LIMITATION. NOT ONLY WAS THE PETIONER UNAWARE OF SUCH A TIME LIMIT, PETITIONER HAD A 2255 PETITION, (CONSTRUED BY THE COURT,) PRESENTLY IN THE SAME DISTRICT. HOWEVER, THIS WOULDN'T REALLY HAVE MATTERED, BECAUSE THE PETITIONER DID NOT BECOME AWARE THAT HIS STATE PRIOR WAS USED UNCONSTITUTIONALLY AGINST HIM IN FEDERAL COURT

AS A PRIOR CONVICTION FOR ENHANCEMENT PURPOSES UNTIL AFTER HIS 2255 WAS DENIED IN APRIL 1997. WHEN PETITIONER LEARNED THAT HIS STATE CASE WAS USED UNCONSTITUTIONALLY HE IMMEDIATELY BEGAN SENDING FOR, AND REQUESTING HIS STATE RECORDS. PETITIONER IS IN PRISON AND EVERYTHING HAVING TO BE SUBMITTED TO COURTS HAS TO BE DONE THROUGH THE MAIL. THERE IS NO DOUBT THAT THIS TAKES TIME TO GET TOGETHER. ON JULY 13, 1997 PETITIONER REQUESTED RECORDS FROM THE TRIAL COURT. PETITIONER FINALLY RECEIVED SOME OF HIS RECORDS AND WAS ABLE TO FILE HIS HABEAS CORPUS TO THE STATE IN DECEMBER 1997. AS INDICATED IN PRO-SE, PETITIONER'S 2255 HABEAS CORPUS MOTION, MOTIONS WERE FILED IN THE TRIAL COURT, APPEAL'S COURT, AND THE SUPREME COURT ON A STATE LEVEL IN NORTH CAROLINA. ON OCTOBER 8TH, 1998, THE SUPREME COURT DENIED PETITIONERS MOTION. ON JANRUARY 11, 1999 THE PETITIONER FILED HIS 2254 HABEAS CORPUS REQUESTING RELIEF FROM THIS UNCONSTITUTIONALLY USED PRIOR IN THE FEDERAL COURT. BASICLY, THE PETITIONER WAS NOT AWARE THAT HIS PRIORS HAD BEEN USED UNCONSTITUTIONALLY, (NEWLY DISCOVERED EVIDENCE), AND CERTAINLY WASN'T EVER AWARE OF ANY SUCH TIME LIMIT. IN FACT THE STATE COURT NEVER EVEN MENTIONED ANY SUCH TIME LIMIT WHATSOEVER. THERE IS NO DOUBT THAT THE PETITIONER IS A LAYMAN OF THE LAW, AND QUITE IGNORANT OF THE LAW, IN FACT, THE PETITIONER'S FEEL'S THAT UNDER THE CIRCUMSTANCES, HIS 2254 SHOULD BE ALLOWED TO BE HEARD. IN FACT, CONSIDERING

(2)

"NEWLY DISCOVERED EVIDENCE", THE PETITIONER JUST LEARNED RECENTLY THAT AN UNCOUNSELED CONVICTION MAY NOT BE USED TO ENHANCE A SENTENCE FOR A LATER CONVICTION. <u>U.S. VS KANEAKUA</u>, 105 F3d 463 (9th CIR. 1997), <u>TUCKER VS U.S.</u>, 404 US 443, 30 LED 2d 592, 92 SCT 589 (1972), <u>GIDEON VS WAINWRIGHT</u>, 372 US 335, 9 LED 2d 799, 83 SCT 792 (1963). JUST FOR THE RECORD, THE PETITIONER SIGNED A "WAIVER OF COUNSEL" FORM IN THE STATE OF NORTH CAROLINA FOR THIS VERY PRIOR CONVICTION ON 6-13-88. ON 6-13-88 THE PETITIONER WAIVED COUNSEL, PLED GUILTY, AND WAS SENTENCED. THERE AGAIN IS A CLEAR VIOLATION OF HIS CONSTITUTIONAL RIGHTS. HOWEVER, THE PETITIONER JUST RECENTLY LEARNED OF THIS, AND SO IT WAS NEVER ARGUED. IS THE PETITIONERS RIGHTS GOING TO BE ALLOWED TO BE VIOLATED SIMPLY BECAUSE HE IS A LAYMAN OF THE LAW, IGNORANT OF ANY, AND ALL JUDICAL PROCEDURES. BASICLY THE PETITIONER IS IGNORANT OF SUCH THINGS, AND IS UNABLE TO HIRE COUNSEL, AND IS SIMPLY DOING THE BEST HE CAN. PETITIONERS ONLY EXCUSE IS IGNORANCE. HAD PETITIONER BEEN AWARE OF ANY SUCH TIME LIMIT, HE WOULD HAVE MET IT. OF COURSE CONSIDERING THE PETITIONERS CIRCUMSTANCES, THERE SURELY ISN'T ANY WAY POSSIBLE HE COULD HAVE DONE THIS. PETITIONER HAD TO FIRST EXHAUST HIS AVAILABLE STATE COURT REMEDIES AS TO EACH GROUND, IN ORDER TO PROCEED INTO FEDERAL COURT. BASICLY THE PETITIONER BELIEVES THAT HE WAS DENIED THE BASIC GUARANTEES

Case 2:99-cv-00005-GCM   Document 7   Filed 03/01/99   Page 3 of 5
(3)

OF FAIRNESS AND DUE PROCESS CALLED FOR BY THE NORTH CAROLINA CONSTITUTION, NORTH CAROLINA LAWS, AND THE CONSTITUTION OF THE UNITED STATES OF AMERICA. FOR THE REASONS STATED ABOVE THE PRO-SE PETITIONER PRAYS THAT THE COURT WILL RECONSIDER PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS.

FEBRUARY 24TH 1999

RESPECTFULLY SUBMITTED,
*Grady Powers*
GRADY WILLIAM POWERS
RG# 13358-074
BOX P.M.B.
ATLANTA GA. 30315

HAINES VS KERNER
404 U.S. 592 S. CT 594 (1972)

# CERTIFICATE OF SERVICE

I, GRADY WILLIAM POWERS, HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING MOTION HAS BEEN PLACED IN THE INSTITUTIONS OUT GOING LEGAL MAIL BOX, WITH AFFIXED POSTAGE TO THE FOLLOWING:

UNITED STATES DISTRICT COURT
CLERK OF THE COURT
309 U.S. COURTHOUSE BLDG.
100 OTIS STREET
ASHEVILLE N. CAROLINA 28801-2611

ON THIS 24th DAY OF FEBRUARY 1999.

RESPECTFULLY
*Grady Powers*
GRADY W. POWERS
RG# 13358-074
BOX P.M.B.
ATLANTA GA. 30315